## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

WILLIAM THEO WHITE                          DOCKET NO. 1:16-CV-1074-P

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

MAJOR JOHN R. LEWIS, ET AL.          MAG. JUDGE KAREN L. HAYES

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff William Theo White ("White") (#618978), who is proceeding *in forma papueris*. At the time of filing, White was in the custody of the Texas Department of Criminal Justice. (Doc. 1). He has since been released. (Doc. 5). White's complaint involves the alleged violation of his constitutional rights when he was housed at the Bayou Dorcheat Correctional Center ("BDCC"). White names as defendants Major John R. Lewis and Nurse Sherry Bagwell.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Background

White complains that he was not tested for tuberculosis upon his arrival at the Bayou Dorcheat Correctional Center. (Doc. 1, p. 3). He complains that no inmates are tested for tuberculosis, even those who are assigned to kitchen jobs. (Doc.1, p. 3).

White also complains that Defendants Lewis and Bagwell forced him to be housed in a dorm "filled with black mold and asbestos." (Doc. 1, p. 5). White complains that the shower are rusty, have inadequate ventilation, and contain black mold and calcium build-up. (Doc. 1, p. 5). White alleges that the mold and asbestos caused him to suffer a runny nose, poor sense of smell, difficulty swallowing, and terrible headaches. (Doc. 1, p. 5).

Next, White claims that, on March 28, 2016, Defendants refused to allow White and other inmates to "practice Islam" and the right to receive pork-free meals. (Doc. 1, p. 5).

On that same date, White suffered "major diarrhea and vomiting after eating spoiled food from the kitchen at the facility." (Doc. 1, p. 5).

White complains that the facility did not have a dietician. (Doc. 1, p. 5).

**<u>Law and Analysis</u>**

**1.     Screening**

Plaintiff is a prisoner proceeding *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u> at 327. A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>Ashcroft v. Iqbal</u>,

556 U.S. 662, 678 (2009).

**2.      Injunctive Relief**

To the extent that White seeks injunctive relief, his claim should be dismissed. White is no longer incarcerated at BDCC. The transfer of a prisoner out of an allegedly offending institution generally renders moot his claims for injunctive relief. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir.1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

**3.      Physical Injury Requirement**

The Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. See 42 U.S.C.A. § 1997e(e).  The Fifth Circuit has equated § 1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

White has not alleged that he suffered any physical injury due to Defendants' failure to test him for tuberculosis upon his arrival at the Bayou Dorcheat Correctional Center.  Nor did White suffer any physical injury from Defendants' failure to test other inmates. White has not alleged any physical injury resulting from his inability to practice Islam.  Finally, White has not suffered a physical injury from the lack of a dietician. (Docs. 1, 8). Because White has not alleged physical injuries as to these claims, his request for compensatory damages as to these claims should be dismissed. See Mayfield v. Texas Dep't Of Criminal Justice, 529 F.3d 599, 606 (5th Cir. 2008)

(citing Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam) (applying § 1997e(e) to bar prisoner's claim for damages brought under § 1983 alleging a First Amendment violation); RLUIPA, 42 U.S.C. § 2000cc-2(e) ("Nothing in this chapter shall be construed to amend or repeal the Prison Litigation Reform Act of 1995 (including provisions of law amended by that Act)."); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007) (recognizing that damage claims under RLUIPA are limited by § 1997e(e)).

**4.    Food Poisoning**

White alleges that he suffered "major diarrhea and vomiting after eating spoiled food from the kitchen at the facility." (Doc. 1, p. 5). To establish an Eighth Amendment violation of cruel and unusual punishment, a prisoner must show that a state actor acted with deliberate indifference, a knowing disregard, to a substantial risk of serious harm to an inmate. See Farmer v. Brennan, 511 U.S. 825, 834–37 (1994).

First, a single incident of food poisoning does not constitute a violation of the constitutional rights of the prisoner affected. See Green v. Atkinson, 623 F.3d 278, 281 (5th Cir. 2010); George v. King, 837 F.2d 705 (5th Cir. 1988) (single incident of unintended food poisoning, whether suffered by one or many prisoners, did not constitute violation of constitutional rights even though incident allegedly resulted from known custom "whereby foods prepared days earlier are stored for future serving").

Moreover, White does not allege any knowing or intentional conduct by Major Lewis or Nurse Bagwell as to the food poisoning incident. At best, White's claim is one of negligence concerning food poisoning, and mere negligence is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986).

4

5.      **Black Mold and Asbestos**

White also complains that Defendants Lewis and Bagwell forced him to be housed in a dorm "filled with black mold and asbestos." (Doc. 1, p. 5). White complains that the showers at BDCC are rusty, have inadequate ventilation, and contain black mold and calcium build-up. (Doc. 1, p. 5). White alleges that the mold and asbestos caused him to suffer a runny nose, poor sense of smell, difficulty swallowing, and terrible headaches. (Doc. 1, p. 5).

It is well-settled that prison officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, medical care, and hygiene.  See Palmer v. Johnson, 193 F.3d 346, 351–52 (5th Cir. 1999) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. See Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)).   To succeed on a claim of unconstitutional conditions of confinement, the Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." Hudson, 503 U.S. at 8 (quoting Wilson v. Seiter, 501 U.S. 294, 298, 303).

In addition to showing that the alleged exposure to a hazardous substance is sufficiently serious, Plaintiff must also show that Defendants acted with deliberate indifference to Plaintiff's health or safety. See Farmer, 511 U.S. at 834. To establish deliberate indifference, the inmate must allege facts which, if proved, show that prison officials were aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. See Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996). An official's failure to alleviate a significant risk which he should have

5

perceived, but did not, cannot be condemned as the infliction of punishment. See Farmer, 511 U .S. at 837–38.

First, White does not provide how he came to the conclusion that "black mold" and asbestos are present at BDCC. There are many different types of mold, not all of which are toxic. The mere fact that mold is present does not render Plaintiff's confinement unconstitutional. See Smith v. Gusman, No. 14–1153, 2015 WL 2066517 at *2 (E.D. La. May 4, 2015) (citations omitted); Clark v. Gusman, 2012 WL 1825306 (E.D. La. 2012)(mere fact that there is mold, mildew, or fungus does not warrant relief); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) (claim that shower is polluted and covered in mold and fungus, causing Plaintiff to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation).

White was instructed to amend his complaint to state whether he sought medical care for his runny nose, headaches, diminished sense of smell, and difficulty swallowing, allegedly caused by mold and asbestos. White was instructed to state the dates on which he sought medical care, whether he received medical care, and what treatment was provided. White failed to identify any instance in which he sought or was refused medical treatment. White has not presented any allegations or instances in which Defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

White has not presented factual allegation indicating that the conditions of his confinement were sufficiently serious, or that Defendants acted with deliberate indifference.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that White's complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 14th day of December, 2016.

Karen L. Hayes
United States Magistrate Judge